UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAIME RODRIGUEZ,

                       Petitioner,

 v.                                          Civil Action No.
                                                 9:09-CV-0390 (GTS)

DEBORAH G. SHULT,

                       Respondent.
_____

APPEARANCES:

JAIME RODRIGUEZ, No. 34911-054
  Petitioner, *Pro Se*
Ray Brook Federal Correctional Institution
P.O. Box 300
Ray Brook, NY 12977

HON. GLENN T. SUDDABY, UNITED STATES DISTRICT JUDGE

## **MEMORANDUM DECISION and ORDER**

The Clerk has sent to the Court a petition for a writ of habeas corpus filed by Jaime Rodriguez ("Petitioner") pursuant to 28 U.S.C. § 2241 (Dkt. No. 1, Part 1), along with a memorandum of law (Dkt. No. 1, Part 2).  Petitioner, who is confined at the Federal Correctional Institution at Ray Brook, New York, paid the required filing fee for this action.  For the reasons that follow, the petition is dismissed for lack of jurisdiction.

**I.    BACKGROUND**

Petitioner brings this action to challenge his 1994 conviction for distributing heroin, possessing with the intent to distribute heroin, and conspiring to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (hereinafter, the "drug trafficking conviction").  (Dkt No. 1, Part 1, at 3.)  Petitioner was also convicted of the following four crimes: (1) using and

carrying a firearm during, and in relation to, a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (hereinafter, the "firearm conviction"); (2) possessing a firearm with an obliterated serial number that had been shipped in interstate commerce in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B); (3) conspiring to suborn perjury in violation of 18 U.S.C. §§ 371 and 1622; and (4) conspiring to obstruct justice by preventing testimony through threats and intimidation in violation of 18 U.S.C. §§ 371 and 1512(b). *United States v. Hernandez*, 85 F.3d 1023, 1032 (2d Cir. 1996).[1]  Petitioner was sentenced to serve two hundred forty (240) months in prison on the drug trafficking conviction, followed by a statutorily mandated consecutive sentence of sixty (60) months on the firearm conviction. *Hernandez,* 85 F.3d at 1028; *see also United States v. Rodriguez,* 93-CR-0549, Amended Judgment (S.D.N.Y. filed Nov. 23, 1994).

On June 11, 1996, the Court of Appeals for the Second Circuit vacated Petitioner's firearm conviction, affirmed the remaining convictions, and remanded the case to permit the district court to consider re-sentencing. *Hernandez,* 85 F.3d at 1032. On remand, the district court increased Petitioner's sentence on the drug trafficking conviction to three hundred (300) months in prison. (Dkt. No. 1, Part 1, at 3; Dkt. No. 1, Part 2, at 11-12.) *See also United States v. Hernandez,* No. 96-1619, 1997 WL 383507, at *1 (2d Cir. July 9, 1997) (unpublished decision). On July 9, 1997, the Second Circuit affirmed. *Hernandez,* 1997 WL 383507, at *1.

On October 7, 1998, Petitioner challenged his conviction pursuant to 28 U.S.C. § 2255, claiming that he received ineffective assistance of counsel, that his due process rights had been

---

[1]  Petitioner does not appear to be challenging these additional convictions in his habeas petition.

2

violated, and that he was wrongfully convicted as a distributor of narcotics. *See Rodriguez v. United States,* No. 05-3486-op, Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence ("Application"), at 3 (2d Cir. filed Jul. 8, 2005) (citing *Rodriguez v. United States*, 98-CV-7067, Notice of Motion [S.D.N.Y. filed Oct. 7, 1998]). The motion was denied on August 10, 1999. (Dkt. No. 1, Part 1, at 6.) *See also Rodriguez,* 98-CV-7067, Opinion and Order (S.D.N.Y. filed Aug. 10, 1999).

Petitioner has since applied for permission to file second or successive § 2255 motions in the Second Circuit to no avail. The first application was denied by the Second Circuit on February 6, 2003. *Rodriguez,* No. 05-3486-op, Application, at 3-4 (citing *Rodriguez,* No. 01-3706 [2d Cir.]). In that application, Petitioner raised the following three grounds for relief: "1. Title 21 U.S.C. § 841 is unconstitutional, 2. If §841 is constitutional, petitioner was denied constitutional 5th and 6th Amendment right to due process and trial by jury, 3. the Sentencing Guidelines are unconstitutional. If constitutional then a jury must find beyond a reasonable doubt the amount of drugs that determine the MAX Guideline Sentence." *Id.* at 4. The application was denied on February 6, 2003. *Id.* (citing *Rodriguez,* No. 01-3706 [2d Cir. Feb. 6, 2003]).

Petitioner again sought an application to file a second or successive § 2255 motion on July 8, 2005. *See Rodriguez,* No. 05-3486-op, Application. Petitioner argued that his due process rights were violated "because the court, and not the jury, decided facts which affected the maximum sentence to which petitioner could be exposed, and did so 'by a preponderance of the evidence' rather than 'beyond a reasonable doubt.'" *Id.* at 5, Ground One. Petitioner argued that his claim was based upon the United States Supreme Court's decisions in *Blakely*

3

*v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). *Id.* On August 3, 2005, the Second Circuit denied Petitioner's application. The Court explained that the decisions in *Booker* and *Blakely* "do not constitute new rules of constitutional law that have been made retroactive to cases on collateral review by the Supreme Court." *Rodriguez,* No. 05-3486-op (2d Cir. Aug. 3, 2005) (citing *Green v. United States*, 397 F.3d 101, 103 [2d Cir. 2005] [addressing *Booker's* retroactivity] and *Carmona v. United States*, 390 F.3d 200 [2d Cir. 2004] [addressing *Blakely's* retroactivity]).

Petitioner next filed a petition for a writ of habeas corpus, this time pursuant to 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania on July 31, 2006, while incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. *See Rodriguez v. Williamson*, 06-CV-1489, 2006 WL 2803056 (M.D. Pa. Sept. 28, 2006). Petitioner claimed that the Second Circuit's decision in *United States v. Gonzales*, 420 F.3d 111 (2d Cir. 2005), requiring the issue of the quantity of a drug to be determined by a jury beyond a reasonable doubt, was retroactively applicable to his case. *Id.* at *1-2. He claimed that the rule in *Gonzalez* was not a new constitutional rule and did not meet the requirements for filing a second or successive § 2255 petition, rendering § 2255 inadequate to test the legality of his conviction. *Id.* at *1.

On September 28, 2006, the district court dismissed the petition for lack of jurisdiction. It explained that Petitioner could challenge his underlying conviction under § 2241, instead of § 2255, "only in very rare circumstances," and that, under Third Circuit precedent, a change in statutory interpretation that affected sentencing only "would not permit a petition under § 2241." *Rodriguez*, 2006 WL 2803056, at *3 (citing *Okereke v. United States*, 307 F.3d 117,

4

120-21 [3d Cir. 2002], *cert. denied*, 537 U.S. 1038 [2002]), *aff'd*, No. 06-5036, 238 F. App'x. 768, 2007 WL 2050880 (3d Cir. Jul. 18, 2007), *cert. denied*, No. 07-6695 (U.S. Nov. 14, 2007).

Petitioner again sought permission in the Second Circuit to file a second or successive § 2255 motion on August 1, 2007, in which he raised the same claims that he now raises in his pending habeas petition. The motion was denied on August 28, 2007. (Dkt. No. 1, Part 2, at 2 n.1 [citing *Rodriguez,* No. 07-3292-op (2d Cir. Aug. 28, 2007)]).

On October 3, 2007, Petitioner challenged his conviction by filing a petition in the Southern District of New York "Pursuant to 28 U.S.C. § 1651." *See Rodriguez v. United States*, 07-CV-8567, Motion to Vacate, Set Aside or Correct Sentence (S.D.N.Y. filed Oct. 3, 2007). In a Transfer Order dated October 3, 2007, the district court construed the petition as one brought pursuant to 28 U.S.C. § 2255, and directed that the petition be transferred to the Second Circuit for a determination of whether Petitioner should be permitted to proceed in the district court with a second or successive petition. *See Rodriguez v. United States*, 07-CV-8567, Transfer Order (S.D.N.Y. filed Oct. 3, 2007).[2] On March 20, 2008, the Second Circuit

---

[2] Petitioner also appealed from the Southern District of New York's Transfer Order to the Second Circuit, and the appeal was docketed under case number 07-5427-pr on November 30, 2007. *See Rodriguez v. United States*, No. 07-5427-pr, Notice of Appeal (2d Cir. filed Nov. 30, 2007). The appeal was dismissed in a Mandate dated April 29, 2008. *See Rodriguez v. United States*, No. 07-5427-pr, Mandate (2d Cir. filed Apr. 29, 2008). The Second Circuit construed Petitioner's notice of appeal as a request for a certificate of appealability ("COA"), because the district court denied one, and requested that Petitioner comply with the Second Circuit's "Local Rule 22(a) by submitting, within 21 days of the initial request, a motion in support of a [COA] in which petitioner identified each issue to be raised on appeal and provided facts and a brief statement of reasons showing that petitioner had been denied a constitutional right." *Id*. Because Petitioner failed to comply with the Court's order, the request for a COA was denied and dismissed. *Id*. Petitioner moved to reinstate the appeal, and that request was denied in an Order dated June 24, 2008.

5

denied permission because Petitioner failed to file an application requesting that the court authorize a second or successive habeas petition. *Rodriguez v. United States*, No. 07-5424-op, Mandate (2d Cir. filed Mar. 20, 2008).

Finally, Petitioner filed a Notice of Motion under Rule 36 for Correction of Judgment in the Southern District of New York on April 2, 2009. *See United States v. Rodriguez*, 93-CR-0549, Notice of Motion (S.D.N.Y. filed Apr. 2, 2009). That motion, for which Petitioner has been assigned counsel, is still pending.

## II. PETITIONER'S CLAIMS

In his petition, Petitioner claims that he is "actually innocent" of the drug trafficking count pursuant to 21 U.S.C. § 841 (b)(1)(A), because the prosecution failed to prove "the statute's prescribed drug quantity as charged in the indictment" to a jury. (Dkt. No. 1, Part 2, at 10.) Petitioner reasons that, because the jury did not determine the quantity of drugs he possessed and he was therefore arguably convicted of a lesser offense under § 841(b)(1)(C), he should not have received the sentence he did. (*Id*. at 11-12.)

Petitioner's claims are based upon what he characterizes as a previously unavailable interpretation of § 841(b)(1)(A) by the Second Circuit in *United States v. Gonzales,* 420 F.3d 111 (2d Cir. 2005). (Dkt. No. 1, Part 2, at 1-2.) Petitioner claims that, at the time he was sentenced, "§ 841 drug type and quantity were sentencing factors requiring only proof by a preponderance of the evidence to a judge, instead of elements of aggravated offenses which

---

*Rodriguez v. United States*, No. 07-5427, Order (2d Cir. filed June 24, 2008). The Court stated that "Petitioner's motion labeled as filed under 28 U.S.C. § 1651 was properly treated as a motion under 28 U.S.C. § 2255. This was his third attempt to file a successive collateral attack and was properly transferred to this court and properly dismissed after Petitioner's default in this court." *Id*.

6

would require proof beyond a reasonable doubt to a jury." (*Id*. at 3.) Petitioner states that in *Gonzalez*, the Second Circuit held that a defendant "cannot be convicted of, and is not subject to a mandatory minimum under § 841(b)(1)(A) or (B) unless the statute's prescribed drug quantity is proven beyond a reasonable doubt." (*Id*. at 5 [quoting *Gonzalez* at 121-22]). Petitioner argues that this "new interpretation" applies retroactively for the following four reasons: (1) "retroactivity is not at issue if the court's interpretation of § 841 is a correct staement [sic] of the law when petitioner's conviction became final"; (2) the "Constitution mandates the necessity of proof beyond a reasonable doubt of every element of an offense to obtain a conviction–a requirement, based on the statutory interpretation in Gonzalez, that was not met"; (3) "substantive rules must be applied retroactively to cases on collateral review"; and (4) "Gonzalez clearly creates a substantive change in law affecting the accurate determination of innocence or guilt." (*Id*. at 6-7.) Petitioner acknowledges that the Second Circuit's decision in *Gonzalez* was "prompted by the principles announced in Apprendi v. New Jersey, 530 U.S. 466 (2000)," which has been held not to apply retroactively to cases on collateral review. However, Petitioner insists that it is not *Apprendi*, but the Second Circuit's interpretation of *Apprendi* in *Gonzalez*, that applies retroactively. (*Id*. at 9.)

Finally, Petitioner asserts that the district judge erroneously sentenced him pursuant to the sentencing guidelines enumerated in 18 U.S.C. § 3553(b), because "the Supreme Court excised in part § 3553(b), holding that § 3553(b)(1) was incompatible with the Constitution in violation of the 6th Amendment because it required mandatory application of the Guidelines." (*Id*. at 13.) Although Petitioner does not so state, he is apparently referring to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 243-44 (2005) (severing and

7

excising 18 U.S.C. §§ 3553[b][1] and 3742[e] because these provisions are mandatory in nature and incompatible with the Court's ruling that "[a]ny fact . . . which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt").

### III.  DISCUSSION

A federal prisoner may challenge his detention under 28 U.S.C. §§ 2241 and 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997).  Section 2255 is the proper mechanism for prisoners to attack the imposition of a sentence.  *Adams,* 372 F.3d at 134; *McQueen v. Shult*, 08-CV-903, 2008 WL 4757356, at *2 (N.D.N.Y. Oct. 28, 2008) (Sharpe, J. adopting Report and Recommendation by Lowe, M.J.).  By contrast, § 2241 is the proper vehicle to challenge the execution of a sentence.  *See Adams*, 372 F.3d at 135; 28 U.S.C. § 2241.  For example, a petitioner may use a § 2241 petition to challenge a federal official's computation of a sentence, parole decisions, or prison disciplinary actions.  *See Cook v. New York State Div. of Parole,* 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *Guerra v. United States*, 07-CV-346, 2007 WL 1176027, at *1 (N.D.N.Y. Apr. 19, 2007) (Scullin, S.J.).  Petitions filed under § 2241 must name the petitioner's warden as respondent and be filed in the district of the petitioner's confinement.  28 U.S.C. § 2241(a) (2006); *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

In rare circumstances, a federal prisoner may challenge the validity of his conviction under § 2241 if he can show that the remedy under § 2255 is "inadequate or ineffective to test

8

the legality of his detention." 28 U.S.C. § 2255(e); *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997). The Second Circuit discussed this "savings clause" provision at length in *Triestman* and cautioned that its remedy is narrow and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378 (citations omitted). The Second Circuit has found that § 2255 is "inadequate or ineffective" only when the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove actual innocence on the existing record, and (2) could not have effectively raised [his] claim[s] of innocence at an earlier time." *Cephas*, 328 F.3d at 104 (internal quotation marks omitted) (quoting *Triestman*, 124 F.3d at 363).

The fact that Petitioner has invoked § 2241 does not require the Court to construe his petition as arising under § 2241. Rather, "'it is the substance of the petition, rather than its form, that' governs." *Cook,* 321 F.3d at 278 (quoting *James v. Walsh*, 308 F.3d 162, 166 [2d Cir. 2002]). Petitioner claims that, under *Gonzalez*, the district court's failure to submit the issue of drug quantity to the jury constitutes error–a claim that challenges the validity of his underlying conviction and imposition of sentence, rather than the execution of his sentence. He further claims that his petition should therefore have been brought pursuant to § 2255 in the district court that sentenced him. *See, e.g., Garcia v. United States*, 97-CV-2962, 2009 WL 484435, at *3 (S.D.N.Y. Feb. 24, 2009) ("Petitioner's sole argument is that, under the Second Circuit's holding in *Gonzalez*, the Court's failure to submit the issue of drug quantity to the jury constitutes procedural and jurisdictional error. This clearly relates to the integrity of petitioner's criminal trail [sic] and thus constitutes an attempt to attack his underlying

9

conviction [an argument beyond the scope of a Rule 60(b) motion].").

As Petitioner candidly admits, he has brought this petition under § 2241 because he cannot meet the gate-keeping requirements of § 2255. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal prisoner may not file a second or successive motion without first receiving certification from the appropriate court of appeals that the petition contains

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). A petition is second or successive "if a previous habeas petition filed by the [petitioner] challenged the same conviction or sentence and was adjudicated on the merits or dismissed with prejudice." *Carmona v. United States*, 390 F.3d 200, 202 (2d Cir. 2004); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (habeas petition was a second or successive petition because the petitioner "twice brought claims contesting the same custody imposed by the same judgment of a state court. As a result . . . he was required to receive authorization from the Court of Appeals before filing his second challenge").

Petitioner has previously filed a § 2255 motion, which was denied on the merits. *Rodriguez,* 98-CV-7067, Opinion and Order (S.D.N.Y. filed Aug. 10, 1999). Thus, his current petition, if construed as a § 2255 motion, would be a second or successive motion.

> When a petitioner files a § 2241 petition
>
>> in an attempt to evade § 2255's limits on second or successive petitions, and when the petitioner has already had a prior § 2255 petition dismissed on the merits . . . the district court can treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the Second Circuit] for certification or, if it is plain from the petition that the prisoner cannot demonstrate that a remedy under § 2255 would be inadequate or ineffective to test the legality of his detention, the district court may dismiss the § 2241 petition for lack of jurisdiction.

*Adams*, 372 F.3d at 136 (internal citations omitted).

The Court elects to follow the latter course. Treating this petition as a second or successive § 2255 motion and transferring it to the Second Circuit would be an inefficient use of judicial resources. Petitioner concedes that he cannot satisfy either of the prerequisites for receiving permission to file a second or successive petition (i.e., that the petition is supported by newly discovered evidence or a new rule of constitutional law that has been made retroactively applicable to cases on collateral review). (Dkt. No. 1, Part 2, at 2.) In fact, Petitioner has sought permission from the Second Circuit to bring a second or successive § 2255 motion raising the exact claims he now raises, but that application was denied. (*Id*. at 2, n.1 [citing *Rodriguez,* No. 07-3292]). *See also Rodriguez,* No. 05-3486-op, Application, at 3-4. It appears extremely unlikely that the Second Circuit would suddenly change course and grant Petitioner permission to file a second or successive petition raising the same substantive claims it previously rejected, especially in light of its rulings that *Apprendi* and its progeny do not apply to cases, like this one, on collateral review. *See Coleman v. United States*, 329 F.3d 77, 82 (2d Cir. 2003) (explaining that *Apprendi* is a new rule of constitutional law which has not been made retroactive by the Supreme Court to second or successive § 2255 motions for

relief); *accord*, *Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003), *cert. denied*, 540 U.S. 1210 (2004).  The Circuit has reached the same conclusion with respect to the Supreme Court's rulings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), and has so noted in one of its opinions rejecting one of Petitioner's applications for permission to file a second or successive § 2255 motion.  *Rodriguez v. United States*, No. 05-3486-op (2d Cir. Aug. 3, 2005) (citing *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005), and *Carmona v. United States*, 390 F.3d 200 [2d Cir. 2004]).  Even if the Second Circuit were to certify a second or successive § 2255 petition, this Court would lack jurisdiction to entertain that petition.  A petitioner must file such a petition in the sentencing court.  *See* 28 U.S.C. § 2255.  Petitioner was sentenced in the Southern District of New York.

Petitioner's petition must therefore be dismissed unless he can demonstrate that a remedy under § 2255 is inadequate or ineffective, that he is actually innocent, and that his claim could not have been raised earlier.  The Second Circuit has held that a remedy under § 2255 is "*not* inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition." *Adams*, 372 F.3d at 135 (emphasis in original) (citing *Jiminian*, 245 F.3d at 147-48).

Petitioner argues that § 2255 is an inadequate remedy to challenge his conviction because he has already "exhausted" a prior § 2255 motion, and has already sought permission to raise his claims in a second or successive petition, but his application was denied by the Second Circuit.  (Dkt. No. 1, Part 2, at 2 [citing *Rodriguez,* No. 07-3292-op (2d Cir. filed August 28, 2007)]).  He therefore asks that his claims be considered under § 2241, arguing that

12

they are based on a "previously unavailable statutory interpretation of § 841, and on the illegal imposition of a mandated sentence under an unconstitutional, and therefore non-existent statute." (Dkt. No. 1, Part 2, at 2.) He further argues that he is "actually innocent" of the drug trafficking charge under 21 U.S.C. § 841(b)(1)(A) based on the Second Circuit's decision in *Gonzales*, and that this "new" interpretation should apply retroactively to him. (*Id*. at 1-2.)

Petitioner has failed to demonstrate that § 2255 is an inadequate remedy. The substance of his claims–that the jury and not the judge should have decided the type and quantity of drugs he possessed and distributed–was available to him in a prior § 2255 motion, and was in fact raised in several previous such filings that both pre-and post-date the decision in *Gonzalez*. *See Rodriguez,* No. 07-3292-op (2d Cir. Aug. 28, 2007); *Rodriguez,* No. 05-3486-op (referencing No. 01-3706 [2d Cir. Feb. 2, 2003]).[3] Therefore, Petitioner cannot demonstrate that his current claims were previously unavailable to him. *See Love v. Menifee*, 333 F.3d 69, 73 (2d Cir. 2003) ("'[S]erious constitutional questions' are not raised when AEDPA prevents a prisoner from raising a claim that he or she could have raised on direct review or in an earlier section 2255 motion.") (quoting *Jiminian*, 245 F.3d at 147-48), *cert. denied* 540 U.S. 1206 (2004); *Cephas*, 328 F.3d at 105 ("[W]here . . . petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted.").

---

[3] As noted above, Petitioner's claims were also raised and rejected in a previous § 2241 petition by the Middle District of Pennsylvania. *See Rodriguez v. Williamson*, 06-CV-1489, 2006 WL 2803056 (M.D. Pa. Sept. 28, 2006).

Moreover, it is clear that the decision in *Gonzalez* was based upon the Supreme Court's decision in *Apprendi*, a fact that is fatal to Petitioner's claims. As the Second Circuit explained in *Gonzalez*, prior to the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), drug quantity was "a sentencing factor to be determined [by a preponderance of the evidence] by the district judge, not an element of the offense to be proved by the prosecutor beyond a reasonable doubt and found by the jury." *Gonzalez*, 420 F.3d at 122-23 (quoting *United States v. Thomas*, 274 F.3d 655, 662 [2d Cir. 2001]) (other citations omitted). The Second Circuit further explained that after *Apprendi*, which held that any fact that would "expose the defendant to a greater punishment than that authorized by the jury's guilty verdict" must be deemed an element of the crime and submitted to the jury, "drug quantity is an element that must always be pleaded and proved to a jury or admitted by a defendant to support conviction or sentence on an aggravated offense under § 841(b)(1)(A) or (b)(1)(B)." *Id.* at 123, 131.

Unfortunately for Petitioner, as noted above, the Second Circuit has "squarely held that *Apprendi* and its progeny do not apply retroactively to cases on collateral review." *Moses v. United States*, 90-CR-0863, 2009 WL 222797, at *2 (S.D.N.Y. Jan. 26, 2009) (rejecting writ of *audita querela* based upon a petitioner's argument that, under *Gonzalez*, his sentence should be vacated, because the jury failed to find the specific amount of heroin that was involved in the conspiracy) (citing *Guzman v. United States*, 404 F.3d 139, 141 [2d Cir. 2005]), *cert. denied* 546 U.S. 1035 [2005] and *Carmona,* 390 F.3d at 202-03); *see also Coleman,* 329 F.3d at 82, 87 (explaining that *Apprendi* is a new rule of constitutional law that has not been made retroactive by the Supreme Court to second or successive § 2255 motions for relief, because it is a

14

procedural rule and not a substantive rule).  Although Petitioner argues that "§ 2255 is inadequate or ineffective because it is the impediment to the relief [he] seek[s] . . . this is not so.  Th[e] true impediment is *Apprendi* itself, not the remedy by §2255 motion."  *Love*, 333 F.3d at 74 (quoting *United States ex rel Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1062 [8th Cir. 2002], *cert. denied* 537 U.S. 869 [2002]).  Petitioner therefore cannot show that the failure to allow collateral review of his *Apprendi*-based claims would raise serious constitutional questions.  *See Love,* 333 F.3d at 73 (since "*Apprendi* is not retroactive on collateral review, we conclude that 'no serious constitutional question' is raised by confining Love's *Apprendi* challenge to a section 2255 motion with its attendant gate-keeping provisions rather than permitting him to bring it as a section 2241 petition free of such limitations.").[4]  The

---

[4] Petitioner cites *Bilzerain v. United States*, 127 F.3d 237 (2d Cir. 1997), *cert. denied*, 527 U.S. 1021 (1999), in support of his argument that it is the Second Circuit's holding in *Gonzalez*, and not the Supreme Court's holding in *Apprendi*, that applies retroactively on collateral review.  (Dkt. No. 1, Part 2, at 9.)  Petitioner states that *Bilzerain* is an example of a case where the Second Circuit concluded that although the Supreme Court's ruling in another case, *United States v. Gaudin*, 515 U.S. 506 (1995), was not retroactive on collateral review, the Circuit's own holding in *United States v. Ali*, 68 F.3d 1468 (2d Cir, 1995), which applied the holding in *Gaudin*, was held to apply retroactively to cases on collateral review.  (*Id.* at 9.)  Petitioner's reliance is misplaced.  In *Coleman*, 329 F.3d at 87, the Second Circuit cited *Bilzerain* as an example of the kinds of cases that differ from *Apprendi* and, thus, apply retroactively, stating that "[i]n *Bilzerian*, we applied *Ali* retroactively on habeas review because there was a significant risk that defendants had been convicted . . . without having made a "material" false statement, as *Ali* required" *Coleman*, 329 F.3d at 87 (citing *Bilzerian*, 127 F.3d at 241-42).  The Second Circuit then distinguished *Apprendi*:

> The rule announced in *Apprendi*, by contrast, did not effect a change in the meaning of a federal criminal statute.  Since the enactment of section 841 in 1970, Pub.L. No. 91-513, § 401, 84 Stat. 1242, 1260-62 (1970), drug quantity has been an "element" of a section 841 offense–i.e., it has been something that the government must prove to obtain a conviction under section 841(a) with a mandatory minimum sentence under section 841(b)(1)(A) or (B).  After *Apprendi*, the government must prove the same factors, but it must now prove those facts to a jury beyond a reasonable doubt.  The substance of the crime remains the same; only the trier of fact and the standard of proof have changed.

petition should therefore be dismissed.  *Love*, 333 F.3d at 73-74.[5]

**ACCORDINGLY,** it is

**ORDERED** that Petitioner's petition (Dkt. No. 1) is **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED** that the Clerk of the Court shall enter judgment accordingly and close the file.

Dated: May 8, 2009
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

---

*Coleman*, 329 F.3d at 87.  Finally, the court found that *Apprendi* did not fall within the "two narrow exceptions" to the general bar in *Teague v. Lane*, 489 U.S. 288, 311 (1989), against retroactive habeas relief for procedural errors.  *Id.* at 88-90.

[5]     Even if Petitioner could successfully invoke the savings clause, it is not clear that venue in this District would be appropriate because, at bottom, Petitioner's claim is a challenge to the validity of his conviction, which is properly brought only in the sentencing court.